PROVOSTY, J.
The present appeal is from a judgment homologating a receivership account.
The fee of the notary for making the inventory was reduced from $150 to $75. In the course of the trial, opposition to this item was withdrawn by all those of the very numerous opponents who were present by counsel participating in the trial. The other opponents, not present at the trial by counsel, had contented themselves with opposing the account as a whole, without any specification of this notary’s fee. Whether, if they had filed specific oppositions, they would have included this item among them, this court cannot say. But the probability is that, had they participated in the trial, they would have done as the numerous other opponents did, some of whom had filed specific oppositions. They have not appeared in this court. Upon the evidence, this court sees no good grounds for holding that the charge of $150 was excessive.
Another respect in which the judgment changed the account was by allowing the lessor, estate of Frank Johnson, a certain amount claimed to be due for rent. The matter depends wholly upon the weight of the evidence, and we cannot say that the trial court has erred.
The lessor is not entitled, however, to a privilege upon all the property of the receivership in general, but only upon the movables contained in the leased premises, or their proceeds; also we think that the amount found by the lower court to be due by the lessor for damages resulting to the goods on the leased premises from the defective condition of the roof should have been made to offset pro tanto the judgment given the lessor against the receivership. The judgment will have to be amended in these two particulars.
The rents in question belong to the usufructuary of the estate of Johnson, and hence the suit to recover them was properly brought by her alone, and there was no necessity for making the heirs of Johnson parties to the suit.
At the time of the appointment of the re *374 ceiver, the L. Luderbach Plumbing Company, Limited, .had certain contracts under way. These had to be, and were, fulfilled, and the expenses are itemized in a separate statement for each contract, marked, respectively, “A,” “B,” etc. The trial judge thought that certain items in statement A had already been included in statement B, and were a double ■charge, and he accordingly reduced statement A from $389.95 to $286.95. We think that, upon the evidence, this was error.
L. Luderbach, brother of the receiver, bought the claim of one of the creditors, amounting to $456.13, at 40 cents on the dollar, or say $182.45. The trial court reduced the claim to the latter amount. But there was no reason for doing so. The brother of the receiver was at perfect liberty to buy up the claims against the receivership. No suggestion is made that the receiver was interested with him in the purchase.
The claim of .T. K. Mott Iron Works was, we think, properly allowed. An itemized statement is furnished of it, testified to by ■one witness, corroborated by a written ac•knowledgement and by letters. L. Luderbach in his testimony challenges the correctness of only one of the items, thereby impliedly conceding the correctness of the others; and as to the item he challenges his objection is merely that the articles represented by it were more expensive than those which had been ordered. Upon the whole, we agree with the trial court that the claim is sufficiently proved.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be ■amended by allowing George Untereiner, notary, $150, as originally done in the account, and by allowing the lessor, estate of Johnson, a privilege only on the proceeds of the movables that were contained in the leased premises, and by offsetting pro tanto the amount thus allowed estate of Johnson by the sum of $106.50, allowed herein to the receivership against said estate for goods dam-' aged, the said offset to be as of this date, and by reinstating the statement A to the amount of $389.95 as it originally stood in the account, and by allowing Louis Luderbach, as assignee of the Fairbanks Oompany, $456.13, as done in the account as filed, and that, as thus amended, the judgment appealed from be affirmed. Costs of appeal to be paid in equal part by the receivership and by Mrs. Oliver A. Johnson, usufructuary of the estate of Johnson.